Ex Parte González, *alias* Monroy.

Petition for a Writ of Habeas Corpus.

No. 38.—Decided November 14, 1904.

Assault and Battery.—Sections 234 and 235 of the Penal Code, which define and make punishable the crime of battery, were not repealed by the act of March 10, 1904, defining and making punishable the crimes of simple assault,

simple assault and battery, aggravated assault, and aggravated assault and
battery.

Id.—Aggravated Assault and Battery.—The crime of aggravated assault and
battery is committed when the defendant commits the acts with which he
is charged in the house of a private family.

Id.—For the purposes of the foregoing doctrine, it is necessary to prove that the
room in which the crime is committed is the dwelling-place of a private family,
since otherwise the crime is reduced to a simple assault and battery.

Habeas Corpus—Sentence—Illegal Imprisonment.—Where the defendant in
a criminal prosecution is found guilty and sentenced according to a law
which has already been repealed on the date when judgment is rendered, his
imprisonment must be considered illegal, and in such case he should be
discharged on *habeas corpus*.

The facts are stated in the petition.

*Martínez Quintero,* for the petitioner.

*Mr. Rossy, Fiscal,* for the People.

Mr. Justice MacLeary delivered the following opinion of
the court:

This application was made by the prisoner to the Honor-
able Chief Justice and the writ of *habeas corpus* was issued
by him and made returnable before the court in session on
the 11th instant.

The applicant alleges that he was convicted of an assault
under article 234 of the Penal Code, and sentenced to six
months imprisonment and to $200 fine, on the 10th of October,
1904, in the municipal court of San Juan. José V. Berrios,
the warden of the San Juan jail, in his return, presents the
commitment under which the prisoner is held, and it recites
that he had been tried in the municipal court of San Juan on
an accusation made against him, and declared guilty of the
offense of battery; that is to say; of violation of article 234
of the Penal Code, and that accordingly the accused was sen-
tenced to the jail of the district of San Juan for six months,
and to pay a fine of $200, and all the costs of the prosecution.
The applicant, through his attorney, alleges that article 234 of
the Penal Code was repealed by implication by the law of the
10th of March, 1904, defining and punishing an assault with
circumstances of aggravation, and assault and battery with

circumstances of aggravation, and to repeal section 237 of the Penal Code; and that consequently every punishment imposed since the date of the approval of that law, and founded upon the violation of article 234, should be considered illegal; and he further alleges that passing over the error committed by the court, and applying the proper law to the present case, the punishment would still be illegal, inasmuch as the offense being defined as a battery, without expressing that it was made under aggravating circumstances, the punishment appertaining thereto should be determined according to section 5 of the same law of the 10th of March, 1904; for which reason counsel contends that the imprisonment of José González is illegal and that he should be liberated.

The trial court evidently overlooked the law passed by the last Legislative Assembly, entitled ''An Act to define and punish simple assault, simple assault and battery, aggravated assault, and aggravated assault and battery, and to repeal section 237 of the Penal Code.'' This act, by its eleventh section, took effect from and after its passage; that is to say, on the 10th of March of the present year. By the tenth section thereof ''all laws, orders and decrees, or parts thereof, in conflict with this Act, are hereby repealed.'' By section 9 of this act section 237 of the Penal Code is expressly repealed. Sections 234 and 235 of the Penal Code read as follows:

''Section 234.—A battery is any wilful and unlawful use of force or violence upon the person of another.

''Section 235:—A battery is punishable by fine of not exceeding one thousand dollars, or by imprisonment in jail not exceeding six months, or by both.'' (Revised Statutes and Codes of P. R., p. 527.)

Section 1 of the act of the 10th of March last defines an assault and battery, and section 5 punishes the same, making the punishment, when unattended with circumstances of aggravation, a fine of not less than one nor more than fifty dol-

lars. The sections quoted from the Revised Statutes were clearly repealed by the later law.

It is also provided in the last named act that an assault and battery becomes aggravated in ten different classes of cases, the third of which is "when a person committing the offense goes into the house of a private family and is there guilty of an assault and battery."

An attempt was made by the *fiscal* in this case to show that this assault and battery was aggravated under this paragraph of section 6, and for this purpose he introduced the complaint made before F. del Valle, Jr., the municipal judge, in which it is said that González, the prisoner, entered into the room of Peter Starn, committing a battery upon Isidoro Marero, whom he found in the said place. Whether or not the room of Peter Starn was the house of a private family does not appear from the complaint, or from any other evidence before this court, and even if the complaint itself could be introduced for the purpose of contradicting or explaining the writ of commitment and the judgment on which it is founded, nothing therein sufficiently appears to make the offense an aggravated assault, or to raise it from a simple assault in any particular.

For this reason this offense should have been punished under section 5 by a fine of not less than one nor more than fifty dollars. According to the judgment of the municipal court the defendant was found guilty of an assault and battery under section 234 of the Penal Code, and was punished according to the provisions of section 235. At the date of this judgment, the 10th of October, both of these sections had been repealed for seven months, of which, however, the municipal judge does not seem to have been aware; and the prisoner having been convicted under a repealed statute, and having been sentenced to a greater punishment than the law provides, must be held to be illegally imprisoned.

For these reasons the prisoner, José González, *alias* Mon-

roy, is discharged from custody, and this judgment of the court will be certified to José V. Berrios, the warden of the San Juan jail.

Chief Justice Quiñones, and Justices Hernández, Figueras, and Wolf concurred.